IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GUSTAVO ARIAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-2736-S-BN |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| | § | |
| Defendant. | § | |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer. *See* Dkt. No. 5.

Defendant Wells Fargo Bank, N.A. has filed a motion to dismiss Plaintiff Gustavo Arias' complaint pursuant to Federal Rule of Civil Procedure 12(B)(6). *See* Dkt. No. 8.

Arias has not filed a response to Wells Fargo's motion to dismiss, and the deadline to do so has expired.

For the reasons explained below, Wells Fargo's motion to dismiss should be granted.

## Background

Arias alleges that on July 5, 2017 he executed a promissory note (the "Note") to obtain a $92,729.00 loan to purchase real property located at 1737 Beauford Rd., Dallas, TX 75253 (the "Property"). *See* Dkt. No. 1-5 at 3.

The Note is secured by a Deed of Trust (the "Deed of Trust"), which encumbers the Property until the Note is paid in full.

Upon default by the borrower, the Note and Deed of Trust allow the owner and holder to accelerate the maturity date on the loan which makes the full remainder of the loan balance due immediately. The Deed of Trust permits the owner and holder to foreclose on the Property in order to satisfy the remaining loan balance.

Arias defaulted on the loan and Wells Fargo initiated foreclosure proceedings. *See* Dkt. No. 1-5. Wells Fargo notified Arias that the property would be sold at foreclosure sale on February 16, 2018. *See Arias v. Wells Fargo Bank, N.A*, 3:18-CV-00418-L, Dkt. No. 28 (N.D. Tex. June 18, 2019) ("*Arias I*").

But, on February 5, 2018, Arias filed an action against Wells Fargo in the County Court at Law Number One of Dallas County, Texas, alleging that Wells Fargo had violated the Texas Debt Collection Act (the "TDCA") and the Texas Property Code and asserting a claim for breach of contract. *See* Dkt. No. 8 at 9; *see also Arias I*. Specifically, in that case, Arias alleged that he never received any notice that the Note or Deed of Trust were transferred to Wells Fargo. *See* Dkt. No. 8 at 9. Arias also asserted that Wells Fargo failed to provide him with notice of his default or with an opportunity to remedy the situation and that Wells Fargo failed to provide him with notice of the foreclosure sale. *See id.* Arias also contended that Wells Fargo failed to properly account for payments made to the loan and failed to properly review his loan modification application. *See id.* at 1.

On February 19, 2018 Wells Fargo removed that case to federal court under the court's diversity jurisdiction. *See Arias I* at Dkt. No. 1. And, on October 22, 2018 Wells Fargo filed a motion for summary judgment. *See id.* at Dkt. Nos. 10-11.

The court dismissed all of Arias' claims with prejudice and granted Wells Fargo's motion for summary judgment. The court entered a final judgement that dismissed all of Arias' claims against Wells Fargo with prejudice on July 2, 2019. *See Arias I* at Dkt. Nos. 28, 31 and 32.

And Wells Fargo arranged for the Property to be sold at a foreclosure sale scheduled for November 5, 2019.

But, on November 1, 2019, Arias filed this action against Wells Fargo in the 162nd District Court of Dallas County and obtained a temporary restraining order enjoining the foreclosure sale. *See* Dkt. No. 8 at 1.

In this case, Arias brings claims against Wells Fargo for negligence, violation of the Real Estate Settlement Procedures Act (RESPA), violation of the Texas Property Code, and breach of contract. *See* Dkt. No 1-5. Arias alleges that Wells Fargo failed to provide him with notice of the transfer of the Note and failed to communicate loss mitigation options to him. *See id.* Arias claims that Wells Fargo failed to properly review his loss mitigation application while proceeding with foreclosure and that Wells Fargo failed to properly calculate his escrow account. *See id.* Arias also asserts that Wells Fargo failed to adequately provide Arias with notice of default and notice of foreclosure sale *See id.*

On November 15, 2019, Wells Fargo removed this action under 28 U.S.C. §§ 1331 and 1332. *See* Dkt. No. 1. Wells Fargo also filed its Original Answer on that same date. *See* Dkt. No. 1-9 at 1.

In Wells Fargo's Original Answer, it generally denies every allegation in Arias' Original Petition. *See id.* at 1. In addition to its general denial, Wells Fargo also asserts several defenses, including that Arias' claims are barred due to res judicata. *See id.* at 1-2.

And, on November 26, 2019, Wells Fargo filed a motion to dismiss Arias' Original Petition. *See* Dkt No. 8. Wells Fargo argues that this case should be dismissed because res judicata bars Arias' claims. *See* Dkt. No. 8 at 2-4. Wells Fargo also asserts that even if its arguments for dismissal under res judicata fail, each of Arias' claims will still otherwise fail under the Rule 12(b)(6) standard. *See id.* at 6-17.

The undersigned now concludes that the Court should grant Wells Fargo's motion to dismiss [Dkt. No. 8].

**Legal Standards**

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough

specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ––––, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to

dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the

documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion . . . are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

District courts within the Fifth Circuit have divided as to whether a fair-notice standard continues to apply to pleading affirmative defenses or whether *Twombly*

and *Iqbal*'s plausibility standard applies, and the "Fifth Circuit has not addressed this issue." *Brush v. Wells Fargo Bank, N.A.*, 911 F. Supp. 2d 445, 484 (S.D. Tex. 2012). But, whatever may be the standard for pleading an affirmative defense under Federal Rule of Civil Procedure 8(b) – a question with which the Court is not presently confronted – the *Twombly* and *Iqbal* plausibility standard applies to pleading any "claim for relief" under Rule 8(a)'s requirements – whether as a plaintiff's claim or a defendant's counterclaim. *See* FED. R. CIV. P. 8(a); 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. § 1205 (3d ed. 2013) ("Rule 8(a) applies not only to an original claim contained in a complaint, but also to a pleading containing a claim for relief that takes the form of a counterclaim, cross-claim, or third-party claim."); *see generally Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 576-77 (5th Cir. 1996) (affirming a Rule 12(b)(6) dismissal of a counterclaim).

**Analysis**

In Arias' Original Petition, he puts forth claims against Wells Fargo for negligence, violation of Texas Property Code Annotated Section 51.002, violation of RESPA, and breach of contract. *See* Dkt. No. 1-5 at 3.

In Wells Fargo's motion to dismiss, it argues that Arias' claims are barred by res judicata. *See* Dkt. No. 8 at 12-14. Wells Fargo points out that Arias has previously filed a lawsuit against it based on the same nucleus of operative facts. *See id.*; *see Arias I*.

The undersigned is persuaded that all of Arias' claims in this action should be dismissed with prejudice because they are barred by res judicata.

Res judicata is generally an affirmative defense that should not be raised as part of a motion to dismiss "but should instead be addressed at summary judgment or at trial." *American Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 F. App'x 662, 664 n.1 (5th Cir. 2004) (citing *Moch v. East Baton Rouge Parish School Bd.*, 548 F.2d 594, 596 n.3 (5th Cir. 1977)) ("Generally, a party cannot base a 12(b)(6) motion on res judicata."). Nevertheless, "[i]f, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b) (6) is proper." *Hall v. Hodgkins*, 305 F. App'x 224, 227-28 (5th Cir. 2008) (per curiam) (citing *Kansa Reinsurance Co., Ltd. v. Cong. Mortgage Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)). The "rule of res judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 466 (5th Cir. 2013); see also *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) ("The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'").

"True res judicata" or "claim preclusion . . . bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citation omitted).

The doctrine of res judicata, or claim preclusion, "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Id.* at

571. In the Fifth Circuit, res judicata is appropriate if four conditions are met: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *See id.; see also Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000).

Based on the pleadings in this case and in *Arias I*, of which the Court can appropriately take judicial notice to the extent required for this analysis, the undersigned concludes that the four conditions necessary establish a res judicata defense are met.

First, the parties in this action are identical to the parties in *Arias I*. *See* Dkt. No. 1-5 at 1; *see also Arias I* at Dkt. No. 1. In both cases, Wells Fargo is named as the Defendant and Gustavo Arias is the named Plaintiff, and therefore the first element of a res judicata defense is met.

Second, the court had jurisdiction over *Arias I* based on the court's diversity jurisdiction under 28 U.S.C. §1332. *See Arias I* at 1. Specifically, Plaintiff is a citizen of Texas, and Wells Fargo is a citizen of South Dakota, and the amount in controversy in *Arias I* exceeded $75,000 exclusive of costs and interest. *See id.* Because the court had jurisdiction over *Arias I* under §1332, the second element of a res judicata defense is met. *See* Dkt. No. 8 at 1.

Third, on July 2, 2019, the court in *Arias I* entered a judgment dismissing all of Arias' claims with prejudice. *See Arias I* at Dkt. No. 32. That judgment disposed of

the case. Thus, the third element for establishing res judicate is also satisfied. *Id.* at 1-2.

The fourth element requires the same claim or cause of action to be involved in both suits. To determine whether both suits involve the same claim or cause of action, the Court uses a "transactional test." Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose.

What grouping of facts constitutes a "transaction" or a "series of transactions" must be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. If a party can only win the suit by convincing the court that the prior judgment was in error, the second suit is barred. *See Test Masters*, 428 F.3d at 571 (internal citations omitted).

The critical issue is whether the two suits are based on the "same nucleus of operative facts." *Id.; see also In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007); *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004). "Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131 (1979).

In *Arias I*, Arias sought injunctive relief to preclude the foreclosure sale of the Property and also sought damages and attorney's fees and costs. *See* Dkt. No. 8 at 1-2, 5. In the current lawsuit, Arias once again brings the claim seeking injunctive relief to stop the foreclosure sale of the property and again requests damages and attorney's fees. *Id.*

In both suits, Arias' claims arise out of the same set of common facts emerging from these events. Specifically, Arias' claims arise out of Arias' default on his loan for the Property and Wells Fargo's arrangements for foreclosure sale of the Property.

In the current action, Arias claims that he never received any notice of default. And Arias asserts that he never received any notice that the Note and Deed of Trust were transferred to Wells Fargo. Arias contends that, by failing to adequately provide notice, Wells Fargo breached its contract with Arias and violated RESPA and the Texas Property Code. But these are claims that arise out of the same facts that led to *Arias I*. They are claims that Arias could have – but did not – bring forth in that case.

For these reasons, the undersigned recommends that the Court grant Wells Fargo's motion to dismiss and dismiss all of Plaintiff's claims with prejudice.

## Recommendation/Conclusion

The Court should grant Defendant's Motion to Dismiss Plaintiff's Complaint [Dkt. No. 8] and dismiss Plaintiff's claims with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections

within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 22, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE